UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GAETANO D'ATTORE,
:
:
:
Petitioner,                   :
:           18-CV-7017 (JMF)
-v-                     :
:           MEMORANDUM OPINION
:           AND ORDER
JAMIE LaMANNA, Superintendent of the     :
Green Haven Facility,                    :
:
Respondent.                   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Gaetano D'Attore, proceeding *pro se*, petitions this Court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his continued custody in New York State prison following his 2010 conviction, in Bronx Supreme Court, for possession of stolen property, endangering the welfare of a child, and various weapons offenses. *See* Docket No. 2 ("Petition"), at 1, 46-49.[1] In 2011, D'Attore sought habeas relief in this Court. That petition was dismissed without prejudice, however, because his direct appeal was still pending in state court and he had therefore not yet exhausted his remedies. *See D'Attore v. Mirabal*, No. 11-CV-2987 (TPG), 2011 WL 6326118 (S.D.N.Y. Dec. 16, 2011). In 2017, the Appellate Division of the New York Supreme Court affirmed his conviction on direct appeal, *see People v. D'Attore*, 58 N.Y.S.3d 300 (App. Div. 1st Dep't), and the New York Court of Appeals denied leave to appeal, *see* 89 N.E.3d 522 (N.Y. 2017), *reconsideration denied*, 101 N.E.3d 389 (N.Y. 2018). He now

---

[1]  Because the pagination in D'Attore's filings is nonconsecutive, the page numbers cited here and below are those generated by the Court's electronic filing system.

renews his petition. For the reasons that follow, the Court DENIES the petition in part and orders additional briefing as to the potential remaining claims.

D'Attore's primary claim for relief — that he was convicted based on unconstitutionally-obtained evidence — is squarely foreclosed by decades-old Supreme Court precedent. According to D'Attore, the NYPD's warrantless searches of his home, which yielded evidence of unlawful weapons and stolen property, violated the Fourth Amendment because his then-wife lacked authority to consent to such a search. *See* Petition 5, 24-25. It is well established, however, that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). Here, during his criminal proceedings in state court, D'Attore had the opportunity — which he took — to challenge the evidence seized from the searches of his home, *see* Docket No. 16-1, at 3-5 (trial court order) (denying D'Attore's motion to suppress after finding that his wife had the authority to, and voluntarily did, consent to a search of his home), *aff'd*, *People v. D'Attore*, 58 N.Y.S. 3d at 302, so he can claim neither that "the state has provided no corrective procedures at all" to redress the alleged Fourth Amendment violation nor that he was "precluded from using that mechanism because of an unconscionable breakdown in the underlying process," *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *accord, e.g.*, *Singh v. Miller*, 104 Fed. App'x 770, 772 (2d Cir. 2004) (summary order). Accordingly, to the extent that D'Attore's petition brings Fourth Amendment claims relating to the searches of his home, it must be and is DENIED.

That may not entirely dispose of D'Attore's claims, however. In particular, D'Attore filed an "Addendum in Support of Federal Writ of Habeas Corpus" that appears to raise

2

additional grounds for relief. *See* Docket No. 26. Specifically, D'Attore appears to argue, perhaps among other things, that (1) for his current term of incarceration, he was unlawfully sentenced as a felony offender because one or more of his earlier felony convictions were not proper felony predicates; and (2) that he was denied counsel and various other procedural rights at a probation revocation hearing. Docket No. 26, at 1-4. Because a habeas petition filed by a *pro se* prisoner must be "review[ed] . . . with a lenient eye," *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983), an obligation that includes "liberal construction of pleadings," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court will construe these potential claims to be part of D'Attore's petition (or as an amendment to the petition) and give Respondent another opportunity to respond to them. Specifically, Respondent shall file and serve (along with proof of such service) a supplemental opposition, not to exceed twenty (20) double-spaced pages, to address any new claims raised in Docket No. 26, along with any other new claims the State may discern in D'Attore's other filings, *see* Docket Nos. 20, 22-25, **no later than two weeks from the date of this Order**. Respondent should address in the supplemental submission, among other things, whether D'Attore has exhausted any new claims, whether they rise to constitutional dimension, and whether they are otherwise procedurally barred.

As D'Attore has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Petitioner.

SO ORDERED.

Dated: June 26, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge