UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GAETANO D'ATTORE,                                                       :
:
Petitioner,     :
:                18-CV-7017 (JMF)
-v-                 :
:                MEMORANDUM OPINION
JAMIE LaMANNA, Superintendent of the Green Haven   :                AND ORDER
Correctional Facility,                                                  :
:
Respondent.     :
X
------------------------------------------------------------------------

JESSE M. FURMAN, United States District Judge:

      Gaetano D'Attore, proceeding *pro se*, petitioned this Court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his custody in New York State prison following his 2010 conviction in Bronx County Supreme Court.  ECF No. 2.  The Court has just learned, from viewing records maintained by the New York State Department of Corrections and Community Supervision, that on December 19, 2019, Petitioner died in custody.  *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited April 21, 2020).  The records also indicate that D'Attore's custody status is listed as "discharged."

      Because the Court can no longer grant D'Attore the relief he seeks — release from custody — the petition is denied as moot.  *See, e.g.*, *Hailey v. Russell*, 394 U.S. 915, 915 (1969) ("Upon the suggestion of mootness by reason of the death of petitioner, motion for leave to file petition for writ of habeas corpus dismissed."); *see also, e.g.*, *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); *Sacco v. U.S. Parole Comm'n*, No. 07-CV-0078, 2008 WL 4426585, at *1 (N.D.N.Y. Sept. 25, 2008) ("Because petitioner's death

2

means that there is no relief that this Court can grant to him . . . [citation omitted], his petition for a writ of habeas corpus has been rendered moot").

Accordingly, the petition for a writ of habeas corpus filed by D'Attore is DISMISSED as moot on the basis that Petitioner is deceased, and the case is DISMISSED. As D'Attore has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April 21, 2020
New York, New York

JESSE M. FURMAN
United States District Judge